UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES T. WYSINGER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:21-CV-1372 PLC |
| | ) |
| MICHELE BUCKNER, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Charles Wysinger's motion to appoint counsel. [ECF No. 10]

On November 19, 2021, Petitioner filed a motion for appointment of counsel concurrently with his petition for writ of habeas corpus under 28 U.S.C. § 2254. [ECF No. 3] The Court denied the motion without prejudice. [ECF No. 6] In his second motion for appointment of counsel, Plaintiff requests the Court appoint counsel because: (1) "Assistant Attorney General Andrew J. Clarke enter[ed] as counsel for respondent"; (2) Petitioner is "unable to pay a reasonable attorney fee"; and (3) petitioner has "made diligent efforts to obtain legal counsel, but because of [his] poverty [he has] been unable to secure same." [ECF No. 10]

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. Ward v. Smith, 721 F.3d 940, 942 (8th Cir. 2013). See also Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998) ( "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim ...

1

and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Patterson v. Kelley, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. Phillips v. Jasper Cty. Jail, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is not warranted at this time. The Court has reviewed the petition under 28 U.S.C. § 2254 for writ of habeas corpus [ECF No. 1] and does not believe that either the factual or legal issues are complex. Moreover, it appears that Petitioner can adequately articulate and present his claims to the Court. The Court therefore finds that neither the interests of justice nor due process requires the appointment of counsel.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Petitioner's second motion for appointment of counsel [ECF No. 10] is **DENIED without prejudice**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of March, 2022